UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 22-186 (TJK) |
| RALPH JOSEPH CELENTANO, III, | |
| *Defendant*. | |

## ORDER

Before the Court is Defendant's Motion for a Bill of Particulars Regarding Count Seven. ECF No. 19. That Count charges Defendant with obstructing an official proceeding under 18 U.S.C. § 1512(c)(2). More specifically, it alleges that on or about January 6, 2021, in the District of Columbia, Defendant "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, and did aid and abet others known and unknown to do so, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18." ECF No. 14 at 4.

"Defendants are not entitled to a bill of particulars as a matter of right . . . ." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012). Courts may direct the government to file a bill of particulars under Federal Rule of Criminal Procedure 7(f) where it is necessary to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges [and] to prepare a defense." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). A bill of particulars is not justified where the "indictment is sufficiently specific[ ] or . . . the requested information is available in some other

form." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  Thus, the Government may obviate the need for a bill of particulars with discovery or other representations about the factual basis for the charges against a defendant.  A bill should "give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation[,] . . . not [give] the defendant . . . the fruit of the government's investigation."  *Sanford Ltd.*, 841 F. Supp. 2d at 316 (emphasis deleted).  Defendants are not entitled to "preview the government's theories or evidence," and the government need not "connect every dot in its case."  *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017) (quotation omitted).  The goal is to provide greater "factual specificity," not to force the Government prematurely to weigh in on "statutory interpretation" or "legal meaning."  *United States v. Mostofsky*, No. 21-CR-138 (JEB), 2021 WL 3168501, at *4 (D.D.C. July 27, 2021).

      After argument on the motion, the dispute between the parties appears to have narrowed substantially.  The Government represents that, at least for now, its aiding and abetting theory is that Defendant assisted the overall crowd that day in its obstruction efforts, not any specific person, thus resolving part of Defendant's motion.  The Government also represents that it has disclosed many acts taken by Defendant on and around the restricted Capitol grounds on January 6, 2021.  And for his part, Defendant does not suggest that he does not have adequate notice of the acts he is alleged to have taken that day.  For the record, Defendant allegedly "got into physical scuffles" with uniformed officers on the Capitol's West Terrace, and allegedly assaulted an officer there, as charged in Count One.  ECF No. 22 at 3.  And although not the focus of the motion, the Government also represents that it has disclosed statements made by Defendant on the Capitol grounds on January 6 that were captured on video, and posts made by Defendant on social media after the 2020 presidential election.  ECF No. 22 at 3.  In particular, on January 6, Defendant is alleged to

2

have been captured on video answering the question "what do you think we should do?" with "occupy the Capitol, our building." *Id*.

What remains after all of this is Defendant's request to compel the Government to pick out which of his acts that day it will rely on to argue that he sought to obstruct an official proceeding. On this record, the Court cannot find that such a bill of particulars is appropriate. Defendant does not contest that he has notice of the time, place and basic nature of the acts that the Government alleges he took that day. Thus, he has the minimum amount of evidence needed to conduct his own investigation and prepare his defense, and no further factual specificity is needed about how he is alleged to have committed obstruction. Moreover, requiring the Government to identify which of these acts it will rely on to prove its obstruction case would force it to preview its theory and evidence, which is beyond the purpose of a bill of particulars. In the end, while Defendant plainly contests that the Government can prove Count Seven, that is a question for the jury at trial.

Finally, a word about the case relied on by Defendant, *Hunter v. District of Columbia*, 47 App. D.C. 406 (D.C. Cir. 1918). That case says nothing about the situation here for many reasons. Among those reasons are that it long predates the promulgation of the Federal Rules of Criminal Procedure, and that it found the charging document defective, rather than ordered a bill of particulars. *Id.* at 409. But most importantly, there the court found that "there [was] nothing to inform defendants of the nature of the acts which are relied upon by the prosecution as constituting [the offense], or that would enable defendants to make an intelligent defense." *Id*. at 410. For all the reasons already explained, that is not so here.

For these reasons, it is hereby **ORDERED** that Defendant's Motion for a Bill of Particulars Regarding Count Seven, ECF No. 19, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 24, 2022