UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-cr-186 (TJK) |
| : | |
| RALPH JOSEPH CELENTANO III, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR THE U.S. MARSHALS SERVICE TO PROVIDE NON-
CUSTODIAL LODGING AND SUBSISTENCE FOR TRIAL**

The Court should deny Defendant Ralph Celentano's Motion for the U.S. Marshals Service to Provide Non-Custodial Lodging and Subsistence for Trial. (ECF No. 31.) Defendant Celentano has failed to show he is unable to pay for lodging while in Washington, D.C. during trial. Even if Celentano could establish eligibility under 18 U.S.C. § 4285 for funds, he is not entitled to lodging during the trial. Numerous other courts in this district have recently denied similar motions brought by January 6 defendants located around the country. Order, *United States v. Bacon,* 21-cr-488 (CRC), ECF No. 54 (D.D.C. Nov. 8, 2022); Minute Order, *United States v. Rodriguez,* No. 21-cr-483 (DLF) (D.D.C. Nov. 7, 2022); Minute Order, *United States v. Rossman*, No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022).

## BACKGROUND

In the early morning hours of January 6, 2021, Defendant Celentano traveled from New York to D.C. He attended the "Stop the Steal" rally on the Ellipse then went onto the restricted grounds of the Capitol. While on the west terrace of the Capitol, he shouted at police officers, including yelling, "How dare you, you pathetic pieces of shit!" and got into physical scuffles with uniformed officers the afternoon of January 6. Also while on the west terrace, Defendant

1

Celentano rammed into a U.S. Capitol police officer from behind, pushing that officer over a ledge into other officers below.

In a video taken on the grounds of the Capitol, on January 6, 2021, Defendant Celentano said to the camera, "somebody's gotta do something." An unidentified person asked, "what do you think we should do?" At the same time as another unidentified individual said, "they're evacuating the building." Defendant Celentano answered, "occupy the Capitol, our building."

Defendant Celentano posted on the social media platform Parler after the 2020 election, as well as before and on or about January 6, 2021. In one post, Defendant Celentano wrote, "the crooked poll workers caught on video need to be identified and hauled before a federal judge and explain their actions #stop the steal." Another post stated, "We must take back what is our, if our elected officials wont [sic] we will do it ourselves Make AMERICA our Again" [sic]. On or about January 6, 2021, Defendant Celentano posted, "Americans have spoke [sic], we want our country back at all costs wake up congress and senate your fairy tales political policys [sic] are over we want what is ours so you pepper sprayed, tear gassed us and we the people took back OUR HOUSE not yours remember that crooked Congress and sedated Senate." Another post read, "After today in DC congress shit their pants its [sic] our country we need to take it back now is the time in history."

Based on his actions on January 6, 2021, Defendant Celentano has been charged with violating the following statutes: 18 U.S.C. § 111(a)(1), Assaulting, Resisting, or Impeding Certain Officers; 18 U.S.C. § 231(a)(3), Civil Disorder; 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(4), Engaging in Physical Violence in a Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(F), Act of Physical Violence in the Capitol

Grounds or Buildings; and 18 U.S.C. § 1512(c)(2) and 2, Obstruction of an Official Proceeding and Aiding and Abetting. (ECF No. 14.)

On January 10, 2023, Celentano filed the instant motion. (ECF No. 31.)

## ANALYSIS

Celentano, a resident of Queens, New York, requests under 18 U.S.C. § 4285 that the U.S. Marshal pay for his noncustodial, overnight lodging "for the duration of his trial." (ECF No. 31 at 1.) Defendant Celentano did not attach a declaration or an affidavit in support of his motion to establish that he was without means to pay for his lodging while in Washington, D.C. for the trial. Instead, Defendant Celentano merely asserts he "has been determined to be financially indigent and to qualify for court appointed counsel" and "he is unable to afford the cost of lodging for the duration of the trial." ( ECF No. 31 at 1-2.)

The Court should deny Defendant Celentano's motion because he has failed to establish that he is unable to pay for lodging and therefore he is not entitled to the relief he seeks.[1] Further, even if Celentano could establish that he is unable to pay for his lodging in Washington, D.C. for trial, Celentano is not entitled to lodging during trial while traveling to Washington, D.C. for trial.

Title 18, United States Code, Section 4285 provides:

Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may,

---

[1] This Court could deny Celentano's motion for subsistence for lodging while in District of Columbia during trial without prejudice, because Celentano must supply supporting financial information. Even if such information established Celentano's financial eligibility, however, § 4285 does not provide for subsistence during trial or for return travel, and paying Celentano's expenses may not be in the interests of justice, as discussed in more detail below.

3

>  when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation *to* the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses *to* his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285 (emphasis added).[2] Thus, under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served thereby," order the U.S. Marshal to provide a defendant with funds for the noncustodial transportation and subsistence while traveling for court proceedings. *Id.* Expenses for subsistence under § 4285 are limited to the costs of traveling "to" a defendant's destination. *Id.* To order travel and subsistence expenses, the district court or magistrate judge, however, must first be "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.; see also United States v. Forest,* 597 F. Supp. 2d 163, 165-166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

Other defendants have, like Defendant Celentano, requested that courts go beyond the plain text of § 4285 and order the U.S. Marshal Service to pay not just the expenses of traveling *to* a trial, but expenses incurred *during* trial, as well as the return trip to a

---

[2] Defendant Celentano is not seeking payment for travel *to* Washington, D.C., which is what 18 U.S.C. § 4285 provides for.

4

defendant's residence. Courts have rejected this approach. For example, in *United States v. James,* 762 F. Supp. 1, 2 (D.D.C.1991), a court in this district denied a Massachusetts defendant's *ex parte* motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because "while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; *see also United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave,* 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno,* No. 09-cr-3120–L, 2009 WL 3334144, at *1 (S.D. Cal. Oct. 15, 2009) (granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial."). [3]

---

[3] Although 18 U.S.C. § 4285 does not permit the relief Celentano requests, some courts have found alternative ways to provide defendants with funds for transportation and lodging. *United States v. Badalamenti,* No. 84-cr-236 (PNL), 1986 WL 8309 at *1-2 (S.D.N.Y. July 22, 1986) (finding that although § 4285 does not permit funds for subsistence during a trial, the trial lasting one year constituted an extraordinary circumstance and "fundamental fairness or due process" required the government to "provide either decent, non-custodial lodging or the cost of obtaining it."); *Nave,* 733 F. Supp. at 1003 (noting that in the absence of a congressional amendment to § 4285, indigent defendants "must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre–Trial Services Agency for lodging in some appropriate

A court may also deny a § 4285 motion on interest-of-justice grounds. Recently, in *United States v. Rossman*, another January 6 case, Chief Judge Howell denied a misdemeanor defendant's motion under § 4285 for travel expenses to attend his sentencing. Minute Order, *United States v. Rossman,* No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022). The Chief Judge reasoned:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

*Id.*

Defendant Celentano has failed to establish he is unable to pay for lodging during trial or that granting the motion is in the interest of justice. First, Celentano's motion fails to provide the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into Defendant Celentano's ability to pay. Moreover, lodging during trial is not contemplated by the statute. In *Forest*, a defendant filed a motion under § 4285 for $48.00 in funds to pay for travel and reimbursement to attend a Rule 11 proceeding. *Forest*, 597 F. Supp. 2d at 164. Defendant Forest supported her motion with documentation including

---

facility, such as a half-way house"); *United States v. Gundersen*, 978 F.2d 580, 584-85 (10th Cir. 1992) (holding the Pretrial Services Act, 18 U.S.C. §§ 3152–3156, requires Pretrial Services to provide defendants unable to qualify under 18 U.S.C. § 4285 for funds used for transportation and lodging); *but see United States v. Mendoza,* 734 F. Supp. 2d 281, 285-287 (E.D.N.Y. 2010) (rejecting the reasoning in *Nave* that a halfway house may be an appropriate lodging for a defendant on pretrial release and the reasoning in *Gundersen* that the Pretrial Services Agency may arrange for funding and lodging as an overbroad reading of the § 4285 and holding instead that a defendant may access funds under an "admittedly tortured" reading of the Criminal Justice Act, 18 U.S.C. § 3006A, by a court order authorizing defense counsel to access judiciary funds to arrange for their clients' transportation and lodging).

a receipt that detailed Forest's social security benefits and her "usual expenses." *Id.* at 166. The court in *Forest* found the information insufficient and denied the motion because Forest's motion was: (1) unsworn, (2) her list of expenses included a monthly item that Forest could forgo to pay for the travel, and (3) based on the minimal amount of funds needed to travel, "the Court would require a much more intensive analysis of her entire financial situation before it could conclude that she had met the burden contemplated by the statute." *Id.*

Judge Cooper recently denied a similar motion to Defendant Celentano's that similarly lacked any support for counsel's assertions about the defendant's inability to pay. *Bacon,* 21-cr-488 (CRC), ECF No. 54. Agreeing with the government's arguments, Judge Cooper ordered Bacon to include a "sworn statement and supporting documentation" to show that he is "financially unable to travel to trial," should he refile his motion. *Id.* at 1. Judge Cooper further noted, "18 U.S.C. § 4285 authorizes funding only for travel to trial and subsistence required during that travel," so "Defendant would not be entitled to funds during trial or for travel accommodations to return to Massachusetts." *Id.*

In her recent denial of another similar motion, Judge Friedrich noted that "one-way bus transportation from New York City to Washington, D.C. costs as little as $30." Nov. 7, 2022 Minute Order, *Rodriguez,* No. 21-cr-483 (DLF). If defendant sought payment of those costs, Judge Friedrich ruled, he must submit a "(1) sworn affidavit describing his current financial circumstances, including his monthly income and expenses, his current savings and assets, and confirming the cost of same-day bus and subway transportation, and (2) attach[] documentary support for each of the attestations in his declaration." *Id.*

Defendant Celentano should also explain why the government funding of his travel in these circumstances is in the "interests of justice," 18 U.S.C. § 4285, and why the government should pay for his lodging in Washington, D.C. now, when he was able to pay his own way on January 6.[4]

## CONCLUSION

Defendant Celentano has not provided the Court with a declaration or sworn affidavit or documentation supporting his assertion that he is unable to pay which would allow the Court to fulfill its obligation to conduct an appropriate inquiry. On this basis alone, the Court should deny the motion. His motion also impermissibly requests costs beyond those authorized by § 4285. Finally, Celentano has failed to explain why it is in the interests of justice that the Court grant his motion. For all these reasons, the Court should deny Defendant Celentano's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   */s/ Jacqueline Schesnol*
Jacqueline Schesnol
Assistant United States Attorney
AZ Bar No. 016742
Capitol Riot Detailee
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004-4449
(602) 514-7500
jacqueline.schesnol@usdoj.gov

---

[4] Defendant Celentano stayed at a hotel, with a view of the Washington Monument, in Washington D.C. at least one night when he traveled to the nation's capital, in January 2021. As Chief Judge Howell reasoned in *Rossman*, "Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now."