### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-186 (TJK)** |
| | : | |
| **RALPH JOSEPH CELENTANO III,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' REQUEST FOR *FRYE/COOPER* HEARING

The United States requests the Court set a hearing before this Court so that the parties can make a record regarding the government's plea offer pursuant to *Missouri v. Frye*, 566 U.S. 133 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012). In *Frye*, the Court advised that "formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." 566 U.S. at 146. At the hearing, the United States will make a record of the plea offer, which defendant Celentano has rejected. The government requests permission to briefly state the following facts on the record in defendant Celentano's presence.

On March 1, 2022, the government charged defendant Celentano with six crimes in a Complaint. (ECF 1.) The defendant was arrested on March 9, 2022. On or about April 27, 2022, the government extended a formal plea offer to resolve this case in a written proposed plea agreement and an accompanying statement of offense. The government indicated that it could charge defendant with an additional crime, but to resolve the case expeditiously, the government extended a plea offer that expired on May 17, 2022. The terms of that plea offer were as follows: defendant Celentano would plead guilty to Count One of the Complaint, charging him with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1) and the Government would move to dismiss all remaining counts of the Complaint and <u>not</u> charge

defendant Celentano with Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2.   Defendant Celentano rejected that plea offer.

The potential sentencing exposure in the event defendant Celentano had accepted that plea offer was a maximum of 8 years' imprisonment for Count One; a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); a fine of not more than $250,000, or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and (d); and a $100 special assessment.   The estimated offense level under the United States Sentencing Guidelines were as follows:

Count One -- 18 U.S.C. § 111(a)(1)
U.S.S.G. § 2A2.2 Base Offense Level 14
U.S.S.G. § 3A1.2 Official Victim +6
Total 20

U.S.S.G. § 3E1.1  Acceptance of Responsibility -3

Final offense level of 17

A level 17 at Criminal History Category I carries a guidelines term of imprisonment of 24-30 months incarceration.

After the defendant rejected the April 27, 2022 plea offer, the grand jury indicted defendant Celentano for seven crimes - the counts in the Complaint, as well as Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2.  (ECF 14.)  As a result, the  government extended a second formal plea offer on May 31, 2022, in a written proposed plea agreement and an accompanying statement of offense.  The second plea offer expired on July 29, 2022.   The terms of the second plea offer were as follows:  defendant Celentano would plead guilty to Counts One and Seven of the Indictment, charging him with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1) and Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2; and the Government would move to dismiss all

2

remaining counts of the Indictment at sentencing.   Defendant Celentano rejected that plea offer.

The potential sentencing exposure had defendant Celentano accepted the plea offer was a maximum of 8 years' imprisonment for Count One and 20 years' imprisonment for Count Seven; a term of supervised release of not more than three years for each count, pursuant to 18 U.S.C. § 3583(b)(2); a fine of not more than $250,000 for each count, or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and (d); and a $100 special assessment for each count.  The estimated offense level under the United States Sentencing Guidelines were as follows:

        Count One -- 18 U.S.C. § 111(a)(1)
        U.S.S.G. § 2A2.2 Base Offense Level 14
        U.S.S.G. § 3A1.2 Official Victim +6
        Total 20

        Count Seven -- 18 U.S.C. § 1512(c)(2)
        U.S.S.G. § 2J1.2(a) Base Offense Level 14
        U.S.S.G. § 2J1.2(b)(1)(B) Injury/Property Damage +8
        U.S.S.G. § 2J1.2(b)(2) Substantial Interference +3
        Total 25

        The combined offense level pursuant to U.S.S.G. § 3D1.2(c) is 25

        U.S.S.G. § 3E1.1  Acceptance of Responsibility -3

        Final offense level of 22

A level 22 at Criminal History Category I carries a guidelines term of imprisonment of 41-51 months incarceration.

In the alternative, the potential sentencing exposure for all seven counts was a maximum of thirty-six and a half years in custody (8 years for 18 U.S.C. § 111(a)(1), a Class D felony; 5 years for 18 U.S.C. § 231(a)(3), a Class D felony; 20 years for 18 U.S.C. §§ 1512(c)(2) and 2, a Class C felony; one year for each of three Class A misdemeanors charged; and six months for the Class B misdemeanor charged; a term of probation of not more than five years for the Class B misdemeanor pursuant to 18 U.S.C. § 3561(c); a term of supervised release of not more than 13

years, pursuant to 18 U.S.C. § 3583(b)(2) and (3) (three years for each of the Class C and D felonies and one year for each of the Class A and B misdemeanors); a fine of not more than a total of $1,055,000 ($250,000 for the Class C and D felonies pursuant to 18 U.S.C. § 3571(b)(3) and (d), $100,000 for each Class A misdemeanor pursuant to 18 U.S.C. § 3571(b)(5) and $5,000 for the Class B misdemeanor pursuant to 18 U.S.C. § 3571(b)(6)); and a special assessment of $385 ($100 per each of the Class C and D felonies, $25 per each of the three class A misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), and $10 for the class B misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii)).  Further, the guideline range for a level 25 offense is 57-71 months. Additionally, there is no guarantee that the final offense level after a trial will in fact be a level 25. It is possible that evidence at trial could give rise to guideline enhancements, resulting in a final level greater than 25, and subsequently resulting in a greater sentencing range.

The defendant opposes the request for this hearing, as unnecessary and not appropriate.

//

//

//

//

//

//

//

//

//

//

The case is scheduled for jury trial on March 20, 2023.  To avoid any argument on appeal or in a 28 U.S.C. § 2255 proceeding that the plea offer was never conveyed to Mr. Celentano, the United States requests the Court permit a short *Frye*/*Cooper* hearing to take place at the pretrial conference on Wednesday, March 1, 2023.  The requested hearing will ensure that defendant Celentano was fully aware of the proposed plea offer.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

_____/s/_____
JACQUELINE SCHESNOL
Assistant United States Attorney
Arizona Bar No. 016742
Capitol Riot Detailee
jacqueline.schesnol@usdoj.gov
(602) 514-7500

_____/s/_____
SHALIN NOHRIA
Assistant United States Attorney
D.C. Bar No. 1644392
shalin.nohria@usdoj.gov
202-344-5763