UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RALPH JOSEPH CELENTANO III,<br><br>Defendant. | Crim. Action No. 22-186 (TJK) |

**SUPPLEMENTAL MOTION IN LIMINE TO PRECLUDE EVIDENCE**

Upon receipt of the government's trial exhibit list, Ralph Celentano III, through counsel, moves *in limine* for an order prohibiting the government from introducing certain exhibits at trial including: 1) irrelevant, prejudicial and out-of-context text messages from Mr. Celentano's phone; 2) irrelevant and prejudicial political speech from social media posts made by Mr. Celentano; 3) irrelevant and prejudicial photographs and 4) compilation videos of the events of January 6, 2021 that Mr. Celentano is not depicted in. Such evidence is not relevant and thus not admissible under Federal Rules of Evidence 401 and 402. Even if the Court were to deem any of this evidence relevant, it should nonetheless be excluded under Rule 403 because any probative value is outweighed by a significant danger of unfair prejudice, confusing the issues, misleading the jury, and needlessly presenting cumulative evidence.

I. MR. CELENTANO EXPRESSLY RESERVES HIS RIGHT TO ASSERT ANY AND ALL PERTINENT OBJECTIONS TO THE ADMISSIBILITY OF ANY GOVERNMENT EXHIBIT AT TRIAL

As a preliminary matter, Mr. Celentano notes that the specific objections raised herein pertain to exhibits whose inadmissibility he maintains is readily apparent. By not raising a

1

pretrial objection to any remaining exhibits noticed by the government, Mr. Celentano does not waive his right to object at trial, depending on how and on what basis the government attempts to admit such exhibits. To the contrary, he expressly reserves this right.

>   II.   THE GOVERNMENT SHOULD NOT BE PERMITTED TO INTRODUCE TEXT MESSAGES FROM MR. CELENTANO'S PHONE WHICH ARE IRRELEVANT, PREJUDICIAL AND OUT-OF-CONTEXT

The government seeks to admit numerous text messages from Mr. Celentano's phone. While the defense cannot predict which texts the government will attempt to introduce on its direct case, the defense generally opposes all texts which post-date January 6, 2021, are taken out of context, are impermissible hearsay and/or are irrelevant and prejudicial.

First, the government seeks to introduce numerous comments made by Mr. Celentano over text message after January 6, 2021. These statements are inadmissible because, at a minimum, none are probative or relevant to any element of any charged offense and are highly inflammatory. *See* Fed. R. Evid. 401, 403. A non-exhaustive list of such exhibits and additional objections to them are as follows:

Exhibits "CLR" and "CC"[1] includes a number of texts from the evening of January 6, 2021 and days later - long after Mr. Celentano had left the Capitol grounds. These post event texts are inflammatory, prejudicial and do not go to Mr. Celentano's intent on January 6, 2021. *See* attached, Exhibit A (Govt Ex. CLR); Exhibit B (Govt Ex. CC).

Exhibit "CM" contains a text from March 5, 2021, nearly two months after the events charged. The text asks about the process of removing tear gas stains and would only come in for the impermissible purpose of inflaming the emotions of the jurors. It has no relevance as Mr.

---

[1] The government has included several of the same text messages in different exhibits. While this motion refers to certain exhibits, the arguments pertain to the substance of the text messages in whichever form the government intends to introduce them.

2

Celentano is not disputing that he was present at the Capitol on January 6, 2021. *See* attached, Exhibit C (Gov't Ex. CM).

Exhibit "CK" should be precluded for multiple reasons.  First, the individual identified as the person Mr. Celentano is texting with in the government exhibits is named "Kenny One Punch Pena."  The name of this individual insinuates that he is a violent person, and that Ralph Celentano therefore associates with violent individuals.  There is no reason to include the name of the individual Mr. Celentano is speaking with.  Kenny Pena is not relevant in this trial.  He was not at the Capitol on January 6, 2021. His name will not appear anywhere else.  Therefore, at a minimum, his name should be redacted.  Further, numerous texts by Mr. Pena are included in the text exchange that are inflammatory hearsay and are not necessary to provide context for Ralph Celentano's responses.  As the Court can see from the exhibit, the text exchange includes multiple texts from Mr. Pena, including "they are calling you guys terrorists on tv."  Such statements are rank hearsay, highly inflammatory, irrelevant and should be excluded.  Taken as a whole, this entire conversation should be precluded as it offers little to no probative value.  *See* Exhibit D (Govt Ex. CK).

Exhibit "CD" is an exchange between Mr. Celentano and another individual on January 5, 2021.  The government has selectively chosen texts from that conversation that leave a misleading impression of the conversation.  Mr. Celentano moves to preclude this conversation in its entirely under Rule 403.  However, if the Court admits these text messages Mr. Celentano requests that the entire conversation be introduced under the rule of completeness. *See* Fed. Rule Evid. 106.   The actual conversation reads as follows.

1/5/21 6:25:07 pm (UTC) – RC: Getting ready to head out to Washington D.C.

1/5/21 6:27:56 pm (UTC) – DP: U y

1/5/21 6:28:38 pm (UTC) – DP: U going to watch Joe get swarm in

1/5/21 7:56:32 pm (UTC) – RC: He isn't going to be president

1/5/21 7:59:33 pm (UTC) – DP: Yes he is

1/5/21 8:01:33 pm (UTC) – RC: No he isn't

1/5/21 8:01:51 pm (UTC)- RC: Lol

1/5/21 8:05:06 pm (UTC)- DP: The clown goes at 1/20/22 12:00 noon we have people for that

1/5/21 11:35:00 pm (UTC)- RC: Hahaha I dont know debb it might not go that way

1/5/21 11:36:47 pm (UTC)- RC: But thats okay too

*Compare to* Exhibit E (Govt Ex. CD).  Clearly, the larger conversation paints a picture of two friends on opposite ends of the political spectrum bantering.  The government's selective and misleading exhibit only includes partial text messages which leave a more ominous impression. *See* Fed. R. Evid. 106. .

Exhibit "CF" should be excluded for the reasons stated above because it is comprised of a conversation which takes place *after* the events of January 6, 2021.  *See* Exhibit F (Govt Ex. CF).  Further, this conversation includes text messages from Mr. Celentano that amount to prior bad acts which must be excluded under Rule 404.  At one point Mr. Celentano writes, "Frank you always wonder do I have it the way we used to the fight in bars." In another text he writes "Yea I am a little nervous nothing like when I had the gardens[2] i was paranoid…"  Both statements are impermissible prior bad acts evidence which the government never provided notice of under Rule 404.  Further, even assuming the government had provided notice, such

---

[2] A commonly known reference to marijuana.

4

evidence should be excluded as it is impermissible propensity evidence, and not admissible under any of the Rule 404(b) exceptions.

Moreover, exhibit "CF" contains an exchange which is not relevant to the events of January 6, 2021, and contains inflammatory and highly prejudicial text messages written by the person Mr. Celentano is texting with. Specifically, the person Mr. Celentano is texting with writes about how "this generation," does not know how to fight, and had had an "easy ride in left wing states." *Id*. Not only are these statements hearsay and do not provide context to any relevant statements made by Mr. Celentano, but the government left out Mr. Celentano's response which demonstrates how highly irrelevant this *exchange* is. Mr. Celentano responds, in sum and substance, that kids these days do not know core math and fractions. *Id.* Mr. Celentano's response clearly indicates that this exchange is not about January 6, 2021, but rather his, and the person he is texting with, views on the differences between the new generation and their generation. As this exchange is clearly not relevant and highly prejudicial, it should be precluded.

In addition, exhibit "CF" is misleading because the government has again selectively chosen only certain messages to include, which misrepresents both the context and tone of the conversation. For example, the government seeks to include a portion of a text message conversation from January 12, 2021 where the person Mr. Celentano is having a conversation with advises Mr. Celentano to be careful, and Mr. Celentano responds:

> Yea iam a little nervous nothing like when I had the gardens i was paranoid you know look we didn't enter the building we just want to occupy the Capital grounds and then tear gas cans came from over head in to crowd then they rushed us and it was fight or flight and I dont run when chased ,some guy yelled out lock arms so a group us did and wouldnt let them push us back thats when they started the close quarters pepper spraying us soon as the one lifted his baton and started hitting me it became personal like.

*Id*.  Within the same text message conversation, the person Mr. Celentano is texting with asks whether he was a peaceful protestor and Mr. Celentano responds, "Absolutely only actions taken were in the process of protecting myself and others from overzealous police beating us."  Mr. Celentano moves to preclude this conversation in its entirety, as it takes place three days after January 6, 2021, and is not relevant to Mr. Celentano's intent at the time of the offenses charged  However, should the Court allow pieces of the conversation, Mr. Celentano requests that these additional statements be added so as not to mislead the jury.  The government cannot seek to introduce pieces of a conversation which are misleading on their own and exclude other pieces of the same conversation which provide important context. The whole purpose of the rule of completeness, which is grounded in Due Process concerns, is to "correct, contemporaneously, the 'misleading impression created by taking matters out of context."  *United States v. Williams*, 930 F.3d 44, 58 (2d. Cir. 2019); *see United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986) (noting "Rule 106 can adequately fill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously. A contrary construction raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial courts.")

For the foregoing reasons, Exhibits CLR, CC, CM, CK, CF and CD are inadmissible, as are any additional exhibits containing the contents of these named exhibits.

III. <u>THE GOVERNMENT SHOULD NOT BE PERMITTED TO INTRODUCE SOCIAL MEDIA POSTS OF MR. CELENTANO</u>

The government has provided numerous exhibits of Mr. Celentano's social media posts. While the defense cannot predict which posts the government will attempt to introduce on its direct case, the defense generally opposes any posts which 1) occurred prior to January 6, 2021,

6

have absolutely nothing to do with the crimes for which Mr. Celentano is charged and are pure political speech and 2) irrelevant materials posted subsequent to the events of January 6, 2021.

### A. Material posted prior to January 6, 2021

The government exhibits that predate the events of January 6, 2021 concern Mr. Celentano's political views and nothing more. Both exhibits were posted in early December, long before the January 6 rally was even announced, and therefore have no bearing on Mr. Celentano's intent on January 6. These exhibits are either irrelevant as a whole or are of such negligible probity that they fail the Rule 403 balancing test. Indeed, some appear to have no purpose except to inspire personal animus toward Mr. Celentano from jurors who might strongly disagree with, or even disdain, his political views. And, to the extent the government might assert a need for evidence of Mr. Celentano's political views, it will be able to do so through other, less inflammatory means at trial, including but not limited to Mr. Celentano's own statements recorded on video on January 6, 2021. *See* Old Chief v. United States, 519 U.S. 172, 184 (1997) ("what counts as the Rule 403 'probative value' of an item of evidence, as distinct from Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives"); *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) ("[p]robity in this context is not an absolute; its value must be determined with regard to the extent to which the [fact] is established by other evidence, stipulation, or inference. It is the incremental probity of the evidence that is to be balanced against the potential for undue prejudice.").

Mr. Celentano therefore objects as to the following exhibits on the aforementioned grounds.

- Exhibit 1103: "The crooked poll workers caught on video all need to be identified and hauled before a federal judge and explain their action #stopthesteal" Posted on 12/4/20

- Exhibit 1104: "We must take back what is ours , if our elected officials wont we will do it ourselves Make AMERICA our Again #makeAmericaoursagain" Posted on 12/9/20

      B.    <u>Material posted subsequent to the events of January 6, 2021</u>

The government seeks to admit into evidence material posted to Mr. Celentano's account after the events of January 6, 2021. All are inadmissible because, at a minimum, none are probative or relevant to any element of any charged offense. *See* Fed. R. Evid. 401, 403. Many, as discussed in the preceding category of pre-January 6 exhibits, concern Mr. Celentano's political views that are not at issue in the case and the dissemination of which raises the specter of undue prejudice and impermissible character evidence. *See* Fed. R. Evid. 403, 404.

Mr. Celentano therefore objects as to the following exhibits on the aforementioned grounds.

- Exhibit 1106: "After today in DC congress shit their pants its our country we need to take it back now is the time in history" Posted on 1/7/21

- Exhibit 1107: "Americans have spoken we want our counrty back at all costs wake up congress and senate your fairy tales political policys are over we want what is ours so you pepper sprayed, tear gassed us and we the people took back OUR HOUSE not yours remember that crooked Congress and sedated Senate" Posted on 1/7/21

- Exhibit 1108: Mr. Celentano commented on a picture of a famous wrestler inside of the Capitol and wrote "Mma super star and officially the Baddest Mother fucker Around" Posted on 1/7/21

### IV.  THE GOVERNMENT SHOULD NOT BE PERMITTED TO INTRODUCE A PHOTOGRAPH OF MR. CELENTANO IN A "TRUMP 2020" SHIRT

The defense moves to preclude the government from introducing exhibit 1006, a picture of Mr. Celentano wearing a t-shirt that says "Trump 2020: Fuck Your Feelings." The picture is clearly taken in the kitchen of a home on an unknown date and time. It is not a picture of Mr. Celentano at or near the Capitol. It is clearly not relevant. Further, it is highly prejudicial, impermissible character evidence and risks inflaming the emotions of jurors.

### V.  THE GOVERNMENT SHOULD NOT BE PERMITTED TO INTRODUCE GENERIC COMPILATION VIDEOS OF JANUARY 6, 2021

The defense previously moved to preclude a video montage capturing surveillance of thousands of individuals on the Capitol Grounds and inside the Capitol Building on January 6, 2021. *See* ECF at 36. Upon receipt of the government's exhibits, defense specifically moves to preclude government exhibit 901[3], a six-minute video highlighting specific violence and activities that Mr. Celentano was not involved in or even witness to including inside of the capital building. Further the video is overlayed with police radio run audio which is 1) hearsay and 2) irrelevant to any actions Mr. Celentano is alleged to have participated in. This video montage is not relevant for Mr. Celentano's trial and should be excluded under Rule 402. Further, the video montage is unfairly prejudicial and will undoubtedly mislead and confuse the

---

[3] The defense also intends to move to preclude exhibit 613, which is currently labeled "4-hour CSPAN feed of Stop the Steal rally." Defense is not in receipt of this exhibit ,yet but moves to preclude the exhibit to the extent it includes irrelevant clips and audio from areas of the capital where Mr. Celentano never was.

jury in violation of Federal Rule of Evidence 403. The defense herein incorporates all arguments made in Mr. Celentano's prior motion *in limine* to exclude such video.

Respectfully submitted,

  /s/
Marissa Sherman
Kathryn Wozencroft
Attorney for Ralph Joseph Celentano III
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201