UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RALPH JOSEPH CELENTANO III,**<br><br>　　　　Defendant. | Crim. Action No. 22-186 (TJK) |

### DEFENSE REPLY TO GOVERNMENT SUPPLEMENTAL SENTENCING MEMORANDUM

The defense submits this brief reply to the government's sentencing supplement (ECF No. 93). The defense incorporates all facts and arguments from the trial, our objections to the presentence report (ECF No. 82), our sentencing memorandum (ECF No. 86), and sentencing supplement (ECF No. 92).

**I.    The Court Should Not Consider Acquitted Conduct**

In its sentencing supplement, the government continues to argue that the Court is required to consider acquitted conduct in calculating the sentencing Guidelines. *See* ECF No. 93, at 2 – 5. The government offers the same reasoning that it relied on its initial sentencing supplement. *See* ECF No. 90, at 4 – 6. Curiously, while titled a "response to the defendant's supplement to the sentencing memorandum," (ECF No. 93), the government does not address the defense's citation to the holding in *United States v. Williams*, 827 F.3d 1134, 1165 – 66 (D.C. Cir. 2016), which clearly gives district courts discretion in using acquitted conduct to calculate the Guidelines as long as the conduct was proven by a preponderance of the evidence. *See* ECF No. 92, at 3 – 4.

1

The government also fails to address the cases cited by the defense where courts in this district declined to apply the cross-reference in January 6 cases in the exact same way the government is asking this Court to. *See* ECF No. 92, at 4 – 5.

The government further claims that the defense has "ignored" the question of whether the government proved that Mr. Celentano intended to obstruct the electoral college certification by a preponderance of the evidence. *See* ECF No. 93, at 3. To the contrary, the defense has consistently maintained throughout multiple written submissions that the government did not prove Mr. Celentano's intent by a preponderance of the evidence, including in our objections to the PSR. *See* ECF No. 82, at 16 – 17, 25; ECF No. 86, at 10 -13; ECF. No. 92, at 6. Thus, to be clear, the defense contends that the Court is not permitted to consider acquitted conduct because the government did not prove Mr. Celentano intended to obstruct the electoral college certification by a preponderance of the evidence. In the event the Court disagrees, the defense contends that the Court should exercise its discretion to not use acquitted conduct in calculating the Guidelines.

**II.     Obstruction of Justice**

The defense largely relies on our previous submissions as well as the trial testimony and the Court's own recollection of the trial testimony in persisting in our objection to an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. However, it is important to note that while the government and Probation contend that the enhancement applies, neither have proffered facts nor provided argument, as is required, that the alleged false testimony was given with a "willful intent to provide false testimony," and that the testimony was material.[1] Instead,

---

[1] The PSR contains the exact same list of alleged perjured statements that the government cites in its sentencing memorandum. Probation acknowledged that they were not present for the trial, never reviewed the trial transcripts and were wholly relying on the government's representations.

2

both Probation and the government simply state, in conclusory fashion, that Mr. Celentano made false statements, concerning material matters, with a willful intent to provide false testimony. *See* ECF No. 87, at 23 – 25, 27 - 28; *see also* PSR ¶¶ 16 – 25, 27, 49, 46.

Under *United States v. Dunnigan*, 507 U.S. 87, 94 (1993), obstruction of justice requires a witness give "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Thus, when a defendant objects to the enhancement, as Mr. Celentano has, the district court must make factual findings that satisfy all three elements of perjury – falsity, materiality, and willfulness. *See id.* at 96 – 97. Despite multiple submissions, the government has not even attempted to provide facts or argument to make out the elements of materiality and willfulness.

**III.   Conclusion**

For the foregoing reasons, and all of the reasons set forth in previous submissions, the defense respectfully requests the Court find the correct Guidelines range in this case is 12-18 months.

Respectfully submitted,

\_\_\_/s/_____
Marissa Sherman
Kathryn Wozencroft
Attorneys for Ralph Joseph Celentano III
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201